# In The United States Court of Federal Claims

No. 13-364C

(Filed: June 3, 2013)
_____

VINCULUM SOLUTIONS, INC.,

       Plaintiff,

  v.

THE UNITED STATES,

       Defendant,

BOOZ ALLEN HAMILTON, INC.,

       Defendant-Intervenor.
_____

**PROTECTIVE ORDER**
_____

      The court finds that certain information likely to be disclosed orally or in writing during the course of this litigation may be competition-sensitive or otherwise protectable and that entry of a Protective Order is necessary to safeguard the confidentiality of that information. Accordingly, the parties shall comply with the terms and conditions of this Protective Order.

I.

1.     <u>Protected Information Defined</u>. "Protected information" as used in this order means information that must be protected to safeguard the competitive process, including source selection information, proprietary information, and confidential information contained in:

    (a)     any document (*e.g.*, a pleading, motion, brief, notice, or discovery request or response) produced, filed, or served by a party to this litigation; or

    (b)     any deposition, sealed testimony or argument, declaration, or affidavit taken or provided during this litigation.

2.     <u>Restrictions on the Use of Protected Information</u>. Protected information may be used solely for the purposes of this litigation and may not be given, shown, made available,

discussed, or otherwise conveyed in any form except as provided herein or as otherwise required by federal statutory law.

## II.

3. <u>Individuals Permitted Access to Protected Information</u>.  Except as provided in paragraphs 7 and 8 below, the only individuals who may be given access to protected information are counsel for a party and independent consultants and experts assisting such counsel in connection with this litigation.

4. <u>Applying for Access to Protected Information</u>.  An individual seeking access to protected information pursuant to Appendix C, Section VI of this court's rules must read this Protective Order; must complete the appropriate application form (Form 9—"Application for Access to Information Under Protective Order by Outside or Inside Counsel," or Form 10—"Application for Access to Information Under Protective Order by Expert Consultant or Witness"); and must file the executed application with the court.

5. <u>Objecting to an Application for Admission</u>.  Any objection to an application for access must be filed with the court within two (2) business days of the objecting party's receipt of the application.

6. <u>Receiving Access to Protected Information</u>.  If no objections have been filed by the close of the second business day after the other parties have received the application, the applicant will be granted access to protected information without further action by the court. If any party files an objection to an application, access will only be granted by court order.

7. <u>Access to Protected Information by Court, Department of Justice, and Agency Personnel</u>. Personnel of the court, the procuring agency, and the Department of Justice are automatically subject to the terms of this Protective Order and are entitled to access to protected information without further action.

8. <u>Access to Protected Information by Support Personnel</u>.  Paralegal, clerical, and administrative support personnel assisting any counsel who has been admitted under this Protective Order may be given access to protected information by such counsel if those personnel have first been informed by counsel of the obligations imposed by this Protective Order.

## III.

9. <u>Identifying Protected Information</u>.  Protected information may be provided only to the court and to individuals admitted under this Protective Order and must be identified as follows:

    (a)    if provided in electronic form, the subject line of the electronic transmission shall read "**CONTAINS PROTECTED INFORMATION**"; or

    (b)    if provided in paper form, the document must be sealed in a parcel containing the legend "**PROTECTED INFORMATION ENCLOSED**" conspicuously marked on the outside. The first page of each document containing protected information, including courtesy copies for use by the judge, must contain a banner stating "**Protected Information to Be Disclosed Only in Accordance With the U.S. Court of Federal Claims Protective Order**" and the portions of any document containing protected information must be clearly identified.

10.    <u>Filing Protected Information</u>. Pursuant to this order, a document containing protected information may be filed electronically under the court's electronic case filing system using the appropriate activity listed in the "**SEALED**" documents menu. If filed in paper form, a document containing protected information must be sealed in the manner prescribed in paragraph 9(b) and must include as an attachment to the front of the parcel a copy of the certificate of service identifying the document being filed.

11.    <u>Protecting Documents Not Previously Sealed</u>. If a party determines that a previously produced or filed document contains protected information, the party may give notice in writing to the court and the other parties that the document is to be treated as protected, and thereafter the designated document must be treated in accordance with this Protective Order.

IV.

12.    <u>Redacting Protected Documents For the Public Record</u>.

    (a)    <u>Initial Redactions</u>. After filing a document containing protected information in accordance with paragraph 10, or after later sealing a document pursuant to paragraph 11, a party must promptly serve on the other parties a proposed redacted version marked "**Proposed Redacted Version**" in the upper right-hand corner of the first page with the claimed protected information deleted.

    (b)    <u>Additional Redactions</u>. If a party seeks to include additional redactions, it must advise the filing party of its proposed redactions within two (2) business days after receipt of the proposed redacted version, or such other time as agreed upon by the parties. The filing party must then provide the other parties with a second redacted version of the document clearly marked "**Agreed-Upon Redacted Version**" in the upper right-hand corner of the page with the additional information deleted.

    (c)    <u>Final Version</u>. At the expiration of the period noted in (b) above, or after an agreement between the parties has been reached regarding additional redactions, the filing party must file with the court the final redacted version of the document

        clearly marked "**Redacted Version**" in the upper right-hand corner of the first page. This document will be available to the public.

   (d)   <u>Objecting to Redactions</u>. Any party at any time may object to another party's designation of certain information as protected. If the parties are unable to reach an agreement regarding redactions, the objecting party may submit the matter to the court for resolution. Until the court resolves the matter, the disputed information must be treated as protected.

V.

13.   <u>Copying Protected Information</u>. No party, other than the United States, may for its own use make more than three (3) copies of a protected document received from another party, except with the consent of all other parties. A party may make additional copies of such documents, however, for filing with the court, service on the parties, or use in discovery and may also incorporate limited amounts of protected information into its own documents or pleadings. All copies of such documents must be clearly labeled in the manner required by paragraph 9.

14.   <u>Waiving Protection of Information</u>. A party may at any time waive the protection of this order with respect to any information it has designated as protected by advising the court and the other parties in writing and identifying with specificity the information to which this Protective Order will no longer apply.

15.   <u>Safeguarding Protected Information</u>. Any individual admitted under this Protective Order must take all necessary precautions to prevent disclosure of protected information, including but not limited to physically securing, safeguarding, and restricting access to the protected information.

16.   <u>Breach of the Protective Order</u>. If a party discovers any breach of any provision of this Protective Order, the party must promptly report the breach to the other parties and immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to individuals not admitted under this Protective Order. The parties must reasonably cooperate in determining the reasons for any such breach.

17.   <u>Seeking Relief From the Protective Order</u>. Nothing contained in this order shall preclude a party from seeking relief from this Protective Order through the filing of an appropriate motion with the court setting forth the basis for the relief sought.

VI.

18.   <u>Maintaining Filed Documents Under Seal</u>. The court will maintain properly marked protected documents under seal throughout this litigation.

19. <u>Retaining Protected Information After the Termination of Litigation</u>.  Upon conclusion of this action (including any appeals and remands), the original version of the administrative record and any other materials that have been filed with the court under seal will be retained by the court pursuant to RCFC 77.3(c).  Copies of such materials may be returned by the court to the filing parties for disposition in accordance with paragraph 20 of this Protective Order.

20. <u>Disposing of Protected Information</u>.  Within thirty (30) days after the conclusion of this action (including any appeals and remands), each party must destroy all protected information received pursuant to this litigation and certify in writing to each other party that such destruction has occurred or must return the protected information to the parties from which the information was received.  With respect to protected electronically stored information (ESI) stored on counsel's computer network(s), destruction of such ESI for purposes of compliance with this paragraph shall be complete when counsel takes reasonable steps to delete all such ESI from the active email system (such as, but not limited to, the "Inbox," "Sent Items," and "Deleted Items" folders) of admitted counsel and of any personnel who received or sent emails with protected information while working under the direction and supervision of such counsel, and by deleting any protected ESI from databases under counsel's control.  Compliance with this paragraph does not require counsel to search for and remove ESI from any computer network back-up tapes, disaster recovery systems, or archival systems.  Each party may retain one copy of such documents, except when the retention of additional copies is required by federal law or regulation, provided those documents are properly marked and secured.

**IT IS SO ORDERED.**


s/ Francis M. Allegra
Francis M. Allegra
Judge

**(Attachment A)**

# In The United States Court of Federal Claims

No. 13-364C
_____

VINCULUM SOLUTIONS, INC.,

       Plaintiff,

  v.

THE UNITED STATES,

       Defendant,

BOOZ ALLEN HAMILTON, INC.,

       Defendant-Intervenor.


**APPLICATION FOR ACCESS TO INFORMATION UNDER
PROTECTIVE ORDER BY OUTSIDE OR INSIDE COUNSEL**

1.    I, _____, hereby apply for access to Protected Information covered by the Protective Order issued in connection with this proceeding.

2.    a.  I [outside counsel only] am an attorney with the law firm of _____ and have been retained to represent _____, a party to this proceeding.

      b.  I [inside counsel only] am in-house counsel (my title is: _____) for _____, a party to this proceeding.

3.    I am [ ] am not [ ] a member of the bar of the United States Court of Federal Claims (the "Court").

4.    My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel.  I am not involved in competitive decision-making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of the party I represent, any entity that is an interested party to this proceeding, or any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order.  I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding information about a competitor.  This means that I do

not, for example, provide advice concerning, or participate in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of Protected Information could provide a competitive advantage.

5.      I [outside counsel only] identify here (by writing "none" or listing names and relevant circumstances) those attorneys in my firm who, to the best of my knowledge, cannot make the representations set forth in the preceding paragraph:

_____

_____

_____

6.      I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with an interested party in the proceeding or with any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order:

_____

_____

_____

7.      I identify here (by writing "none" or identifying the name of the forum, case number, date, and circumstances) instances in which I have been denied admission to a protective order, had admission revoked or been found to have violated a protective order issued by any administrative or judicial tribunal:

_____

_____

_____

8.      I [inside counsel only] have attached a detailed narrative providing the following information:

   a.   my position and responsibilities as in-house counsel, including my role in providing advice in procurement-related matters;

   b.   the person(s) to whom I report and their position(s) and responsibilities;

      c.      the number of in-house counsel at the office in which I work and their involvement, if any, in competitive decision making and in providing advice in procurement-related matters;

      d.      my relationship to the nearest person involved in competitive decision making (both in terms of physical proximity and corporate structure); and

      e.      measures taken to isolate me from competitive decision making and to protect against the inadvertent disclosure of Protected Information to persons not admitted under the Protective Order.

9.      I have read the Protective Order issued by the court in this proceeding.  I will comply in all respects with that order and will abide by its terms and conditions in handling any Protected Information produced in connection with the proceeding.

10.      I acknowledge that a violation of the terms of the protective order may result in the imposition of such sanctions as may be deemed appropriate by the Court and in possible civil and criminal liability

      * * *

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

_____      _____
Signature      Date Executed

_____
Typed Name and Title

_____
Telephone Number

_____
Fax Number

_____      _____
Signature of Attorney of Record      Date Executed

_____
Typed Name and Title

_____
Telephone Number

_____
Fax Number

**(Attachment B)**
# In The United States Court of Federal Claims
No. 13-364C
_____

VINCULUM SOLUTIONS, INC.,

        Plaintiff,

  v.

THE UNITED STATES,

        Defendant,

BOOZ ALLEN HAMILTON, INC.,

        Defendant-Intervenor.

**APPLICATION FOR ACCESS TO INFORMATION UNDER
PROTECTIVE ORDER BY EXPERT CONSULTANT OR WITNESS**

1.    I, the undersigned, am a_____with _____ and hereby apply for access to Protected Information covered by the Protective Order issued in connection with this proceeding.

2.    I have been retained by _____ and will, under the direction and control of _____, assist in the representation of _____ in this proceeding.

3.    I hereby certify that I am not involved in competitive decision making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of any party to this proceeding or any other firm that might gain a competitive advantage from access to the information disclosed under the protective order.  Neither I nor my employer provides advice or participates in any decisions of such parties in matters involving similar or corresponding information about a competitor.  This means, for example, that neither I nor my employer provides advice concerning, or participates in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protective materials could provide a competitive advantage.

4.    My professional relationship with the party for whom I am retained in this proceeding and its personnel is strictly as a consultant on issues relevant to the proceeding.  Neither I, nor

any member of my immediate family holds office or a management position in any company that is a party in this proceeding or in any competitor or potential competitor of a party.

5. I have attached the following information:

   a. a current resume describing my education and employment experience to date;

   b. a list of all clients for whom I have performed work within the two years prior to the date of this application and a brief description of the work performed;

   c. a list of all clients for whom I have performed work within the two years prior to the date of this application and for whom the use of protected material could provide a competitive advantage and a brief description of the work performed;

   d. a statement of the services I am expected to perform in connection with this proceeding;

   e. a description of the financial interests that I, my spouse, and/or my family, has in any entity that is an interested party in this proceeding or whose Protected Information will be reviewed; if none, I have so stated;

   f. a list identifying by name of forum, case number, date, and circumstances all instances in which I have been granted admission or been denied admission to a protective order, had a protective order admission revoked, or have been found to have violated a protective order issued by an administrative or judicial tribunal; if none, I have so stated; and

   g. a list of the professional associations to which I belong, including my identification numbers.

6. I have read a copy of the Protective Order issued by the Court in this proceeding. I will comply in all respects with all terms and conditions of that order in handling any Protected Information produced in connection with the proceeding. I will not disclose any Protected Information to any individual who has not been admitted under the Protective Order by the court.

7. For a period of two years after the date this application is granted, I will not engage or assist in the preparation of a proposal to be submitted to any agency of the United States government for _____ when I know or have reason to know that any party to this proceeding, or any successor entity, will be a competitor, subcontractor or teaming member.

- 3 -

8.	For a period of two years after the date this application is granted, I will not engage or assist in the preparation of a proposal or submission to _____ nor will I have any personal involvement in any such activity.

9.	I acknowledge that a violation of the terms of the protective order may result in the imposition of such sanctions as may be deemed appropriate by the Court and in possible civil and criminal liability.

	* * *

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

_____  _____
Signature                                                                      Date Executed

_____
Typed Name and Title

_____
Telephone Number

_____
Fax Number

_____  _____
Signature of Attorney of Record                                Date Executed

_____
Typed Name and Title

_____
Telephone Number

_____
Fax Number